UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
                                                        :
PLAYTEX PRODUCTS, INC.,                                 :
                                                        :
                        Plaintiff,                      :       1:08-CV-03417 (WHP) (THK)
                                                        :
        - against -                                     :
                                                        :       **JOINT RULE 26(f) REPORT**
                                                        :
THE PROCTER & GAMBLE COMPANY,                           :
                                                        :       Electronically Filed
                        Defendant.                      :
                                                        :
———————————————————— x

        Pursuant to Fed. R. Civ. P. 26(f) the parties respectfully submit this joint report.

I.      <u>**The Action**</u>

        This is a patent infringement action that was originally brought as a counterclaim

in *The Procter & Gamble Company v. Playtex Products, Inc.*, Case No. 08-CV-01532

(WHP), but was severed from that case pursuant to the Court's order of April 2, 2008

(D.I. 27).  Plaintiff Playtex Products, Inc. ("Playtex") has asserted that Defendant The

Procter & Gamble Company ("P&G") has infringed and continues to infringe U.S. Patent

6,890,324 B1, entitled "Tampon Applicator."  P&G has asserted counterclaims alleging

that Playtex has infringed and continues to infringe U.S. Patent No. 7,081,110, entitled

"Applicator Having An Indented Fingergrip With Raised Portions."

II.     <u>**The Rule 16(b) Conference**</u>

        Counsel for the parties originally conferred with the Court, pursuant to Fed. R.

Civ. P. 16(b), on April 1, 2008, before this case was severed from Case No. 08-CV-

01532.   After this case was filed as a new action pursuant to the Court's order of April 2,

2008, counsel for the parties again conferred with the Court by telephone on April 28,

2008.  Matthew B. Lehr, Esq. of Davis Polk & Wardwell, 1600 El Camino Real, Menlo

Park, California 94025, is representing Playtex.  Kenneth R. Adamo, Esq. of Jones Day,

901 Lakeside Avenue, Cleveland, Ohio 44114 is representing P&G.

## III.    **Proposed Discovery Plan**

The parties originally submitted a proposed scheduling order prior to the

severance of this action from Case No. 08-CV-01532.  After this action was severed from

Case No. 08-CV-01532, the court reviewed the parties' proposed scheduling order,

conferred with the parties by telephone on April 28, 2008, and advised the parties of the

dates on which the Court is available to conduct a *Markman* hearing and trial in this

action.  Based upon those dates, the parties have agreed to a schedule for discovery and

trial.  The parties' agreed-upon proposed scheduling order is attached to this Report, for

the Court's review and approval, as Exhibit A.  That schedule describes, *inter alia*, the

subjects on which discovery may be needed, when discovery should be completed, and

the timing for the disclosures under Rule 26(a).

## IV.    **Protective Order**

The parties agree to the proposed protective order attached to this Report as

Exhibit B, and respectfully request that this Court issue that order under Rule 26(c).

## V.    **Settlement**

The parties discussed the possibility of settlement, but at present cannot agree to

settle this case.  The parties believe that alternative dispute resolution would assist in

resolving this case.

Dated: Menlo Park, CA

May 9, 2008

DAVIS POLK & WARDWELL


By:   s/ Matthew B. Lehr
Matthew B. Lehr (ML 9982)
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
(212) 450-3800 (facsimile)

Anthony I. Fenwick (*pro hac vice*)
Diem-Suong T. Nguyen (DN-6578)
Veronica C. Abreu (*pro hac vice*)
David J. Lisson (*pro hac vice*)
1600 El Camino Real
Menlo Park, CA 94025
(650) 752-2000
(650) 752-2111 (facsimile)

*Attorneys For Plaintiff Playtex Products, Inc.*


JONES DAY


By:   s/ Clark Craddock
Clark Craddock (CC − 9165)
222 E. 41st Street
New York, New York 10017-6702
Telephone: (212) 326-3939

Kenneth R. Adamo (KA-6210)
David M. Maiorana (*pro hac vice*)
901 Lakeside Ave.
Cleveland, Ohio 44114
Telephone: (216) 586-3939

*Attorneys For Defendant The Procter & Gamble Company*

3

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PLAYTEX PRODUCTS, INC.,

                          Plaintiff,

           - against -

THE PROCTER & GAMBLE COMPANY,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 3417 (WHP) (THK)

**[JOINT PROPOSED]**
**SCHEDULING ORDER**

Electronically filed

The following case management schedule shall govern the above-captioned action:

**FACT DISCOVERY:**

1.   The parties shall exchange initial disclosures pursuant to Rule 26(a) by May 9, 2008.

2.   No later than June 6, 2008, Playtex Products, Inc. ("Playtex") shall serve on The Procter & Gamble Company ("P&G") a disclosure of every asserted claim and infringement contentions identifying the element(s) of each and every one of the P&G accused product(s) alleged to infringe each asserted claim of U.S. Patent No. 6,890,324 ("the '324 patent"), whether the alleged infringement is literal or by the doctrine of equivalents; if by doctrine of equivalents, Playtex shall provide a full statement of how each element is an alleged equivalent.

3.   No later than June 6, 2008, P&G shall serve on Playtex a disclosure of every asserted claim and infringement contentions identifying the

element(s) of each and every one of the Playtex accused product(s) alleged to infringe each asserted claim of U.S. Patent No. 7,081,110 ("the '110 patent"), whether the alleged infringement is literal or by the doctrine of equivalents; if by doctrine of equivalents, P&G shall provide a full statement of how each element is an alleged equivalent.

4. No later than July 18, 2008, P&G shall serve on Playtex a disclosure of all prior art that it contends invalidates any claim of the '324 patent, along with invalidity contentions identifying: (1) for any grounds of invalidity under 35 U.S.C. §§ 102-103, where specifically in each alleged item of prior art each limitation of each asserted claim is found; and (2) the basis of any other grounds of invalidity asserted.

5. No later than July 18, 2008, Playtex shall serve on P&G a disclosure of all prior art that it contends invalidates any claim of the '110 patent, along with invalidity contentions identifying: (1) for any grounds of invalidity under 35 U.S.C. §§ 102-103, where specifically in each alleged item of prior art each limitation of each asserted claim is found; and (2) the basis of any other grounds of invalidity asserted.

6. The parties shall join any additional parties and amend their pleadings by August 1, 2008.

7. Fact discovery shall conclude **within 30 days** from the date of this Court's claim construction order.

8. **Within 50 days** from the date of this Court's claim construction order, P&G shall serve on Playtex a written election as to whether it will

3

assert advice of counsel as a defense to the allegation of willful infringement.  Notwithstanding the deadline for fact discovery set forth in paragraph 7, the parties will be entitled to pursue discovery concerning any defense of advice of counsel up until **90 days** from the date of this Court's claim construction order.

9. **Within 50 days** from the date of this Court's claim construction order, Playtex shall serve on P&G a written election as to whether it will assert advice of counsel as a defense to the allegation of willful infringement.  Notwithstanding the deadline for fact discovery set forth in paragraph 7, the parties will be entitled to pursue discovery concerning any defense of advice of counsel up until **90 days** from the date of this Court's claim construction order.

**CLAIM CONSTRUCTION:**

10. The parties shall submit to the Court a chart of disputed terms for construction for each of the '324 and '110 patents that includes each party's proposed constructions and designations of intrinsic and/or extrinsic evidence in support of such proposed constructions, by August 22, 2008.  The parties will meet and confer on or before August 29, 2008 in an attempt to agree on constructions for as many of the disputed claims terms as possible.

11. Any discovery solely directed to claim construction issues shall be completed by September 5, 2008.

4

12. Simultaneous opening *Markman* briefs shall be filed and served by September 12, 2008.

13. Simultaneous responsive *Markman* briefs shall be filed and served by October 3, 2008.

14. A *Markman* hearing shall be held on November 3, 2008, at a time to be determined by the court. Should the Court require a tutorial on the technology at issue, such a tutorial shall be held on October 27, 2008, at a time to be determined by the Court.

**EXPERT DISCOVERY:**

15. Opening expert reports shall be served by each party having the burden of proof on an issue **within 45 days** from the date of this Court's claim construction order.

16. Rebuttal expert reports shall be served **within 75 days** from the date of this Court's claim construction order.

17. Expert discovery shall be completed **within 105 days** from the date of this Court's claim construction order.

**DISPOSITIVE MOTIONS:**

18. Letters requesting a pre-motion conference pursuant to Judge Pauley's Individual Practice Rules and setting forth the basis for any proposed dispositive motions shall be submitted by May 15, 2009.

19. Opposition letters to such a request for a pre-motion conference shall be submitted, pursuant to Judge Pauley's Individual Practice Rules, by May 22, 2009.

20. A pre-motion conference concerning any proposed dispositive motions shall be held at a time to be determined by the Court.

21. Dispositive motions shall be filed and served by June 26, 2009.

22. Oppositions to dispositive motions shall be filed and served by July 10, 2009.

23. Reply briefs in support of dispositive motions shall be filed and served by July 17, 2009.

24. A hearing on dispositive motions shall be held during the week of August 10, 2009, at a day and time to be determined by the Court.

**MOTIONS *IN LIMINE*:**

25. Motions *in limine*, if any, shall be filed and served **twenty-five days before trial**.

26. Opposition memoranda on motions *in limine*, if any, shall be filed and served **twenty days before trial**.

**VOIR DIRE QUESTIONS, JURY INSTRUCTIONS, AND VERDICT FORMS:**

27. Proposed voir dire questions, jury instructions and objections thereto, and verdict forms prepared in accord with the Court's Individual Practices, shall be filed and served by **fifteen days before trial**.

**PRETRIAL MEMORANDUM AND ORDER:**

28. A joint pre-trial order in accord with the Court's Individual Practices shall be filed and served **fifteen days before trial**.

29. A joint pre-trial memorandum in accord with the Court's Individual Practices shall be filed and served **fifteen days before trial**.

**PRETRIAL CONFERENCE:**

    30. A final pretrial conference shall be held **one week before trial**, on a

        date and at a time to be determined by the Court.

**TRIAL DATE:**

    31. Trial shall commence on October 5, 2009, or as soon thereafter as the

        case may be set for trial by the Court.

    **IT IS SO ORDERED.**


_____

Date                              WILLIAM H. PAULEY III
                                     UNITED STATES DISTRICT JUDGE

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLAYTEX PRODUCTS, INC.,

                      *Plaintiff,*

    -against-

THE PROCTER & GAMBLE COMPANY,

                    *Defendant.*

08-cv-3417 (WHP)

## <u>STIPULATED PROTECTIVE ORDER</u>

**WHEREAS,** discovery (including interrogatories, document requests and depositions) in the above-entitled action may involve the production or disclosure of trade secrets or sensitive commercial, financial or proprietary business information,

**IT IS HEREBY STIPULATED,** by and between the parties hereto and by their respective counsel, that pursuant to Fed. R. Civ. P. 26(c) and subject to the approval of the Court, the following Stipulated Protective Order (the "Order") be entered:

**IT IS HEREBY ORDERED THAT:**

1.      All information disclosed or obtained through discovery in this case shall be used solely for purposes reasonably related to litigation of this action and for no other purpose, including without limitation any business or competitive purpose or any voluntary submission to any governmental or administrative agency.

2.      All material produced or provided by any party (the "Designating Party" or "Producing Party") in connection with the litigation which is deemed to contain

confidential or proprietary information and is designated "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" pursuant to this Order ("Confidential Information")

including, without limitation, transcripts of depositions, copies of exhibits, answers to

interrogatories, and copies of documents produced in pretrial proceedings in this action

shall be retained in confidence by receiving counsel and shall not be disclosed by

receiving counsel to any third parties except as provided in paragraphs 6, 7 and 9 of this

Order.

3.      All documents that a party believes contain Confidential Information shall

be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate under

this Order on each page thereof.

4.      Either party may designate as "CONFIDENTIAL" any document,

testimony or other discovery material that contains trade secrets or other confidential

business or financial information, proprietary information, or personal or financial affairs.

5.      Either party may designate as "HIGHLY CONFIDENTIAL" any

document, testimony or other discovery material that is particularly sensitive because it

relates to trade secrets, technical information, technical practices or methods, present or

future marketing plans, product data or projections, financial data, business strategy, or

agreements.

6.      Documents or testimony designated CONFIDENTIAL pursuant to this

Order shall be maintained in confidence by the receiving party and shall not be disclosed

or made available to any person other than:

a.      The Court and Court personnel;

b.      Outside counsel of record for the parties and employees of such

attorneys, i.e., paralegals, secretaries, and clerks to whom it is necessary that the material

be shown for purposes of this litigation;

c.      In-house attorneys for Playtex Products, Inc., and in-house

attorneys for The Procter & Gamble Company;

d.      Court reporters during the course of a deposition in this case;

e.      Consultants or expert witnesses used by the parties for the purpose

of preparing and prosecuting or defending this case only after ten (10) business days

following written notice to the Designating Party of the proposed disclosure to the

consultant or expert.  With the written notice shall be included a fully executed copy of

the undertaking attached hereto as Exhibit A, completed by the consultant or expert, and

a copy of the consultant or expert's current curriculum vitae or resumé.  If the

Designating Party objects, in writing, to disclosure of Confidential Information to the

consultant or expert within the ten (10) day period, no disclosure of Confidential

Information may be made to the consultant or expert pending resolution of the objection.

If the parties cannot resolve the issue informally, the party objecting to the proposed

disclosure may thereupon seek an appropriate order from the Court disqualifying the

consultant or expert or protecting against the proposed disclosure to the consultant or

expert.  Until the Court rules on the matter, no disclosure of Confidential Information to

the consultant or expert shall be made.

f.      Employees of outside vendors providing photocopy, imaging,

database, and design services in connection with this litigation, provided that such vendor

has executed an Undertaking in the form annexed to this Stipulated Protective Order as Exhibit A;

g.     Jury, trial, graphic and visual aid consulting services retained for purposes of this litigation, provided that the entity providing such services has executed an Undertaking in the form annexed to this Stipulated Protective Order as Exhibit A;

7.     Documents or testimony designated HIGHLY CONFIDENTIAL pursuant to this Order shall be maintained in confidence by the receiving party and shall not be disclosed or made available to any person other than:

a.     The Court and Court personnel;

b.     Outside counsel of record for the parties and employees of such attorneys, i.e., paralegals, secretaries, and clerks to whom it is necessary that the material be shown for purposes of this litigation;

c.     In-house attorneys for Playtex Products, Inc., and in-house attorneys for Procter & Gamble Company with the written consent of the Designating Party, provided such consent will not be unreasonably withheld.

d.     Court reporters during the course of a deposition in this case;

e.     Consultants or expert witnesses used by the parties for the purpose of preparing and prosecuting or defending this case only after ten (10) business days following written notice to the Designating Party of the proposed disclosure to the consultant or expert.  With the written notice shall be included a fully executed copy of the undertaking attached hereto as Exhibit A, completed by the consultant or expert, and

a copy of the consultant or expert's current curriculum vitae or resumé. If the Designating Party objects, in writing, to disclosure of Confidential Information to the consultant or expert within the ten (10) day period, no disclosure of Confidential Information may be made to the consultant or expert pending resolution of the objection. If the parties cannot resolve the issue informally, the party objecting to the proposed disclosure may thereupon seek an appropriate order from the Court disqualifying the consultant or expert or protecting against the proposed disclosure to the consultant or expert. Until the Court rules on the matter, no disclosure of Confidential Information to the consultant or expert shall be made.

       f.      Employees of outside vendors providing photocopy, imaging, database, and design services in connection with this litigation, provided that the vendor has executed an Undertaking in the form annexed to this Stipulated Protective Order as Exhibit A;

       g.      Jury, trial, graphic and visual aid consulting services retained for purposes of this litigation, provided that the entity providing such services has executed an Undertaking in the form annexed to this Stipulated Protective Order as Exhibit A;

       8.      All persons receiving Confidential Information pursuant to this Order shall not make use of or disseminate Confidential Information to anyone, except for purposes of this action and as further permitted by this Order or a further order by this Court. Notwithstanding the above, Confidential Information hereunder may be disclosed in testimony given by deposition or at the trial of this action, or in papers filed in this action, or offered in evidence at the trial of this action, subject to (a) any applicable rules of evidence and civil procedure, and (b) the requirements of this Order.

9.    A deposition witness may be shown Confidential Information by an attorney then conducting the examination of that witness under the following conditions and without any waiver of its confidential status: (a) any witness may be shown a document identifying the witness as a signatory, author, addressee, or recipient of a copy thereof, (b) a current employee of a Designating Party being deposed in her or his personal capacity, or any witness designated by the Designating Party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown any document designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by that party, (c) any witness may be shown Confidential Information after a proper foundation has been laid that the witness has had access to the document containing such Confidential Information; (d) any consultant or expert witness who qualifies under, and has met the requirements of, Paragraphs 6(e) or 7(e) of this Order may be shown any document designated as CONFIDENTIAL by either party, (e) any consultant or expert witness who qualifies under, and has met the requirements of, Paragraph 7(e) of this Order may be shown any document designated as HIGHLY CONFIDENTIAL by either party or (f) any witness may be shown Confidential Information designated by the party whose counsel is then conducting the examination of the witness.

10.    Copies of Confidential Information may only be made where reasonably necessary to prepare work product or conduct proceedings in this litigation.  Material designated "HIGHLY CONFIDENTIAL" or copies thereof may not be stored or viewed at a non-designating party's business location, except to the extent provided in this Paragraph.  Such HIGHLY CONFIDENTIAL information may be stored or viewed only at or on:

(a)    the physical offices or residences of outside attorneys of record in

this litigation and employees of such attorneys, or the physical offices of professional

litigation support vendors retained by such attorneys;

       (b)     the physical offices or residences of consultants or experts cleared

under Paragraph 7 of this Order;

       (c)     the site where any deposition relating to the information is taken;

       (d)     the Court;

       (e)     any intermediate location reasonably necessary to transport the

information (*e.g.*, a hotel prior to a deposition); or

       (f)     computers/servers/other electronic media of the outside attorneys

of record in this litigation and employees of such attorneys, professional litigation

support vendors employed by outside attorneys of record, or experts and consultants

cleared under Paragraph 7,  provided those persons have a reasonable expectation of

confidentiality associated with the computers/servers/other electronic media.

     Such HIGHLY CONFIDENTIAL information may also be viewed electronically

at the physical office of a party's in-house counsel, provided that the information is not

electronically stored at the location and that such counsel may receive the information

under Paragraph 7(c) of this Order.  In-house counsel for a party may be provided and

may store at their physical office paper copies of HIGHLY CONFIDENTIAL

information provided that the paper copies are located in a secure location having a

reasonable expectation of security and confidentiality.

     11.     To the extent that the parties wish to file any materials designated

CONFIDENTIAL or HIGHLY CONFIDENTIAL with the Court, the parties must seek

leave of the Court to file such documents under seal as required by Judge Pauley's

Individual Rules.  If the Court grants permission, such materials shall be filed in sealed

envelopes on which shall be endorsed the title of this action, an indication of the nature of

the contents of such sealed envelope, the word(s) "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" as applicable and a statement substantially in the following form:

> THIS DOCUMENT IS FILED UNDER SEAL PURSUANT TO THE
> PROTECTIVE ORDER OF THIS COURT ENTERED IN THIS ACTION
> AND SHALL NOT BE OPENED EXCEPT BY THE COURT OR UPON
> ORDER OF THE COURT OR BY STIPULATION OF THE PARTIES
> TO THIS ACTION

12.     Pursuant to Standing Order M-10-468, Sealed Records which have been

filed with the clerk shall be removed by the party submitting them (a) within ninety (90)

days after a final decision is rendered if no appeal is taken, or (b) if an appeal is taken,

within thirty (30) days after final disposition of the appeal.  Parties failing to comply with

this order shall be notified by the clerk that, should they fail to remove the sealed records

within thirty (30) days, the clerk may dispose of them.

13.     If any Confidential Information is used or disclosed during the course of a

deposition in this case, in the form of exhibits, testimony, or otherwise, that portion of the

deposition record reflecting such Confidential Information shall be sealed and stamped as

designated by a party with the words:

> CONFIDENTIAL - FILE UNDER SEAL.  THIS TRANSCRIPT
> CONTAINS INFORMATION SUBJECT TO A PROTECTIVE ORDER
> AND SHALL BE USED ONLY IN ACCORDANCE THEREWITH; or

> HIGHLY CONFIDENTIAL - FILE UNDER SEAL.  THIS
> TRANSCRIPT CONTAINS INFORMATION SUBJECT TO A
> PROTECTIVE ORDER AND SHALL BE USED ONLY IN
> ACCORDANCE THEREWITH.

Counsel may also designate any deposition testimony as CONFIDENTIAL or HIGHLY

CONFIDENTIAL by giving written notice thereof to the court reporter and to all parties

within thirty (30) days after receipt of the deposition transcript by the party asserting the

confidentiality or by making an appropriate statement on the record.  Until expiration of

this thirty (30) days, all deposition transcripts shall be treated as if designated HIGHLY

CONFIDENTIAL hereunder.

14.    A Producing Party that inadvertently fails to designate an item pursuant to

this Order at the time of the production shall make a correction promptly after becoming

aware of such error.  Such correction and notice thereof shall be made in writing

accompanied by substitute copies of each item, appropriately designated.  Such

inadvertent failure to designate items pursuant to this Order will not be deemed a waiver

in whole or in part of a party's claim of confidentiality.  Those individuals who reviewed

the documents or information prior to notice of the failure to designate by the Producing

Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all

copies of such undesignated documents and shall honor the provisions of this Order with

respect to the use and disclosure of any confidential information contained in the

undesignated documents, from and after the date of designation.

15.    If information designated pursuant to this Order is disclosed to any person

other than in the manner authorized by this Order, the party responsible for this

disclosure must immediately bring all pertinent facts relating to such disclosure to the

attention of the Designating Party, without prejudice to other rights and remedies of the

Designating Party, and shall make every effort to prevent further improper disclosure.

16.    The restrictions set forth in this Order shall not apply to information which

prior to disclosure either is in the possession or knowledge of the party to whom such

disclosure is made or is public knowledge, and the restrictions contained in this Order

shall not apply to information which, after disclosure, becomes public knowledge other

than by act or omission of the party to whom such disclosure is made or which is

independently developed or which is legitimately acquired from an independent source,

provided however, if receiving counsel believes any information should not be deemed

CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order because of the

circumstances set forth in this paragraph, receiving counsel shall first notify opposing

counsel of the same, providing producing counsel with ten (10) days to object.  If a

timely objection is made, the information shall be deemed to have been designated

CONFIDENTIAL or HIGHLY CONFIDENTIAL as originally designated hereunder and

subject to the restrictions of this Order until permission of the Court is given to treat it

otherwise.  The original designation shall remain effective until the Court's entry of an

order re-designating the materials.

     17.    This Order, insofar as it restricts the dissemination and use of Confidential

Information, shall not apply to the introduction of evidence at trial.  However, any Party

may seek appropriate court orders, including without limitation, an order which restricts

the use of any material covered by this Order during the trial, requests that portions of the

transcript be sealed, or restricts access of the public to certain portions of the trial.

     18.    All Confidential Information supplied to receiving counsel, and copies

thereof, shall be returned to producing counsel within sixty (60) days of the termination

of this action, or shall be otherwise disposed of in a manner agreeable to both parties.

This paragraph shall not pertain to attorney work product prepared by a party's outside

counsel that may refer to or contain Confidential Information.  Each party's outside

counsel may retain such work product beyond termination of this action.  Outside counsel

for the parties may also retain Confidential Information as is necessary to have an

accurate and complete record of the lawsuit including, at least, work copies of documents filed with the court, pleadings, depositions, trial testimony, admissions and answer to interrogatories.

19.    This Order shall be without prejudice to the right of either party to bring before the Court at any time the question of whether any particular information is or is not Confidential Information at which time the normal burdens of proof shall apply (i.e., before its disclosure the challenging party shall demonstrate a good faith basis for the challenge, and the Designating Party must fail to demonstrate that the information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is confidential, proprietary, or a trade secret).

20.    No party concedes that any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order by any other party does in fact contain or reflect trade secrets, proprietary or other Confidential Information, or has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Any party may at any time, on reasonable notice, move the Court for (a) modification of this Order, (b) relief from the provisions of this Order with respect to specific Confidential Information, including the use of Confidential Information at depositions, or (c) a determination by the Court that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is in fact not entitled to protection.  In addition, the parties may agree in writing to necessary modifications of this Order without Court approval.

21.    The parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege or any other relevant privilege shall not constitute waiver of the

applicable privilege.  If any such document is inadvertently produced, the recipient of the

document agrees that, upon request from the producing party, it will promptly return all

copies of the document in its possession, delete any versions of the documents on any

database it maintains and make no use of the information contained in the document,

provided, however, that the party returning such document shall have the right to apply to

the Court for an order that such document is not protected from disclosure by any

privilege.  A producing party that discovers that it has inadvertently produced any

document that would be protected from disclosure pursuant to the attorney-client

privilege, the work product privilege or any other relevant privilege shall notify the

receiving party reasonably promptly after such discovery.

22.    This Court, or any Court to which this action is transferred, retains

jurisdiction of the parties hereto indefinitely respecting any dispute between the parties

regarding the improper use of Confidential Information disclosed under protection of this

Order and shall indefinitely retain such authority.

Dated:  Menlo Park, CA                    DAVIS POLK & WARDWELL
         May 9, 2008

                                          By:   s/ Matthew B. Lehr
                                                _____
                                                Matthew B. Lehr (ML-9982)

                                          450 Lexington Avenue
                                          New York, New York  10017
                                          Telephone: (212) 450-4000
                                          Facsimile: (212) 450-3800

                                          Anthony I. Fenwick (*pro hac vice*)
                                          Diem-Suong T. Nguyen (DN-6578)
                                          Veronica C. Abreu (*pro hac vice*)
                                          David J. Lisson (*pro hac vice*)
                                          1600 El Camino Real
                                          Menlo Park, CA 94025
                                          Telephone: (650) 752-2000
                                          Facsimile: (650) 752-2111

                                          *Attorneys for Plaintiff Playtex Products,*

*Inc.*

Dated:  New York, New York        JONES DAY
        May 9, 2008


                                  By:   s/ Kenneth R. Adamo
                                        _____
                                        Kenneth R. Adamo (KA-6210)
                                        David M. Maiorana (*pro hac vice*)

                                  North Point
                                  901 Lakeside Avenue
                                  Cleveland, Ohio 44114-1190
                                  Telephone: (216) 586-3939
                                  Facsimile: (216) 579-0212

                                  Clark Craddock (CC-9165)
                                  222 E. 41st Street
                                  New York, New York 10017-6702
                                  Telephone: (212) 326-3939

                                  *Attorneys for Defendant The Procter &*
                                  *Gamble Company*


**SO ORDERED:**


_____
     WILLIAM H. PAULEY III
     UNITED STATES DISTRICT JUDGE

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLAYTEX PRODUCTS, INC.,

*Plaintiff,*

-against-

08-cv-3417

THE PROCTER & GAMBLE COMPANY,

*Defendant.*

**UNDERTAKING OF**    _____

I, _____, hereby declare:

1.  My address is

2.  My present employer is
and the address of my present employer is

3.  My present occupation or job description is

4.  I have received a copy of the Stipulated Protective Order in the above-captioned proceeding.

5.  I have carefully read and understand the provisions of the Stipulated Protective Order.

6.  I will comply with all of the provisions of the Stipulated Protective Order.

7.  I will hold in confidence, will not disclose to any one not qualified under the Stipulated Protective Order, and will use only for purposes of this proceeding documents or information designated by a party to the above-captioned

proceeding as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that are disclosed to me.

8. I will return all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information that come into my possession, to counsel for the party by whom I am employed or retained.

I, _____hereby declare under penalty of perjury under the laws of the United States of America this ____day of _____, 200____, in the State of _____, County of _____, that the foregoing is true and correct.

_____
(Signature)

State of                          }
                                  }   **ss.**
Count of                          }


Sworn to and subscribed before me this _____ day of _____, 200__.


_____
Notary Public

16