UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

PLAYTEX PRODUCTS, INC.,

           Plaintiff,

- against -

THE PROCTER & GAMBLE COMPANY,

           Defendant.

---------------------------------------x

1:08-CV-03417 (WHP) (THK)

PLAINTIFF PLAYTEX PRODUCTS, INC.'S ANSWER TO THE PROCTER & GAMBLE COMPANY'S COUNTERCLAIMS

Electronically Filed

Pursuant to Fed. R. Civ. P. 12(a) and 13, Plaintiff Playtex Products, Inc. ("Playtex") files the following answer to counterclaims, affirmative defenses and counterclaims to the counterclaims of Defendant The Procter and Gamble Company ("P&G") filed on April 28, 2008.

## P&G'S COUNTERCLAIMS

1. Admitted that P&G purports to assert counterclaims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and 28 U.S.C. § 2201, *et seq.* and that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. To the extent, however, that any of these allegations are intended as a basis for liability, they are denied.

2. Playtex hereby incorporates by reference each allegation in its Complaint, and denies the affirmative defenses set forth by P&G.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted that an actual and justiciable controversy exists between P&G and Playtex concerning the infringement and validity of U.S. Patent No. 6,890,324 ("the '324 Patent").

<u>Count I – Declaration of Non-Infringement Of The '324 Patent</u>

7. Playtex hereby restates and re-alleges the answers contained in paragraphs 1 through 6 above, and incorporates them by reference.

8. Denied.

9. Paragraph 9 contains legal conclusions to which no reply is required. To the extent that a response is required, the allegations in paragraph 9 are denied.

<u>Count II – Declaration of Invalidity Of The '324 Patent</u>

10. Playtex hereby restates and re-alleges the answers contained in paragraphs 1 through 9 above, and incorporates them by reference.

11. Denied.

12. Paragraph 12 contains legal conclusions to which no reply is required. To the extent that a response is required, the allegations in paragraph 12 are denied.

<u>Count III – Infringement Of United States Patent No. 7,081,110</u>

13. Playtex hereby restates and re-alleges the answers contained in paragraphs 1 through 12 above, and incorporates them by reference.

14. Admitted that on its face United States Patent No. 7,081,110 ("the '110 Patent") states that it is assigned to P&G, that it is entitled "Applicator Having An Indented Fingergrip With Raised Portions," and that it issued on July 25, 2006. Playtex further admits that a photocopy of the '110 Patent is attached to P&G's Answer as Exhibit A. Playtex denies that the '110 Patent was "duly and properly issued." Playtex is

without sufficient information to admit or deny the remaining allegations of this paragraph, and therefore denies the same.

15. Denied.

16. Denied.

17. Playtex is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same.

18. Paragraph 18 contains a legal conclusion to which no reply is required. To the extent that a response is required, the allegations in paragraph 18 are denied.

19. Denied.

20. Denied.

21. Denied.

## PRAYER FOR RELIEF

Playtex denies that P&G is entitled to any relief whatsoever for its counterclaims.

## PLAYTEX'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

P&G's counterclaims fail to state a claim for which relief can be granted.

### Second Affirmative Defense

Playtex does not and has not directly or indirectly infringed, contributed to the infringement of, induced the infringement of, and/or willfully infringed any valid claim of the '110 Patent, either literally or under the Doctrine of Equivalents.

### Third Affirmative Defense

The '110 Patent is invalid by reason of having been issued in violation of the United States patent laws, Title 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 102, 103 and 112.

### Fourth Affirmative Defense

The relief sought by P&G is barred by the doctrine of laches.

### **PLAYTEX'S COUNTERCLAIMS**

1. These counterclaims arise under the patent laws of the United States, Title 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment provisions of Title 28 U.S.C. §§ 2201 and 2201. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

3. This Court has personal jurisdiction over P&G by virtue of P&G's filing of its counterclaims against Playtex in this Court.

4. Playtex incorporates by reference each of its responses and affirmative defenses stated above.

5. P&G alleges in its counterclaim that Playtex has and continues to infringe the '100 Patent.

6. An actual and justiciable controversy exists between Playtex and P&G concerning the non-infringement and invalidity of the '110 Patent by virtue of P&G's naming of Playtex as a counterclaim defendant in this action.

Count I – Declaratory Judgment of Non-Infringement Of The '110 Patent

7. Playtex hereby restates and re-alleges the allegations contained in paragraphs 1 through 6 of its counterclaim, and incorporates them by reference.

8. Playtex has not directly infringed, contributed to the infringement of, actively induced the infringement of, and/or willfully infringed any valid claim of the '110 Patent.

9. Playtex is entitled to a declaratory judgment that it has not infringed and is not infringing any valid claim of the '110 Patent, directly, indirectly, or willfully.

Count II – Declaratory Judgment Of Invalidity Of The '110 Patent

10. Playtex hereby restates and re-alleges the allegations contained in paragraphs 1 through 9 of its counterclaim, and incorporates them by reference.

11. The '110 Patent is invalid by reason of having been issued in violation of the United States patent laws, Title 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, sections 102, 103 and 112 thereof, and the Rules and Regulations of the Patent & Trademark Office relating thereto.

12. Playtex is entitled to a declaratory judgment that the claims of the '110 Patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Playtex requests that this Court enter judgment as follows:

A. That P&G's counterclaims be dismissed with prejudice in their entirety;

B. That judgment be entered for Playtex and that P&G take nothing on its counterclaims;

C. That United States Patent No. 7,081,110 is invalid;

D. That Playtex has not directly infringed, and is not directly infringing, any valid claim of the '110 Patent;

E. That Playtex has not induced or contributed to, and is not inducing or contributing to, infringement of any valid claim of the '110 Patent;

F. That Playtex has not willfully infringed, and is not willfully infringing, any valid claim of the '110 Patent;

G. That this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Playtex its costs and attorneys fees incurred in regard to P&G's counterclaims; and

H. That Playtex be awarded such other relief as this court deems just and proper.

Playtex demands a trial by jury for all issues so triable.

Dated: May 16, 2008

DAVIS POLK & WARDWELL

By:  s/ Matthew B. Lehr
     Matthew B. Lehr (ML 9982)

Sasha E. Polonsky (SP-0422)
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Anthony I. Fenwick (*pro hac vice*)
Diem-Suong T. Nguyen (DN-6578)
Veronica C. Abreu (*pro hac vice*)
David J. Lisson (*pro hac vice*)

1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

*Attorneys For Plaintiff Playtex Products, Inc.*

6