```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
PLAYTEX PRODUCTS, INC.,           :
                                   :   08 Civ. 3417 (WHP) (THK)
        Plaintiff,                 :
                                   :   [JOINT PROPOSED]
    - against -                    :   **SCHEDULING ORDER**
                                   :
THE PROCTER & GAMBLE COMPANY,      :
                                   :
        Defendant.                 :   Electronically filed
                                   :
                                   :
---------------------------------- x

The following case management schedule shall govern the above-captioned action:

**FACT DISCOVERY:**

1. The parties shall exchange initial disclosures pursuant to Rule 26(a) by May 9, 2008.

2. No later than June 6, 2008, Playtex Products, Inc. ("Playtex") shall serve on The Procter & Gamble Company ("P&G") a disclosure of every asserted claim and infringement contentions identifying the element(s) of each and every one of the P&G accused product(s) alleged to infringe each asserted claim of U.S. Patent No. 6,890,324 ("the '324 patent"), whether the alleged infringement is literal or by the doctrine of equivalents; if by doctrine of equivalents, Playtex shall provide a full statement of how each element is an alleged equivalent.

3. No later than June 6, 2008, P&G shall serve on Playtex a disclosure of every asserted claim and infringement contentions identifying the

element(s) of each and every one of the Playtex accused product(s) alleged to infringe each asserted claim of U.S. Patent No. 7,081,110 ("the '110 patent"), whether the alleged infringement is literal or by the doctrine of equivalents; if by doctrine of equivalents, P&G shall provide a full statement of how each element is an alleged equivalent.

4. No later than July 18, 2008, P&G shall serve on Playtex a disclosure of all prior art that it contends invalidates any claim of the '324 patent, along with invalidity contentions identifying: (1) for any grounds of invalidity under 35 U.S.C. §§ 102-103, where specifically in each alleged item of prior art each limitation of each asserted claim is found; and (2) the basis of any other grounds of invalidity asserted.

5. No later than July 18, 2008, Playtex shall serve on P&G a disclosure of all prior art that it contends invalidates any claim of the '110 patent, along with invalidity contentions identifying: (1) for any grounds of invalidity under 35 U.S.C. §§ 102-103, where specifically in each alleged item of prior art each limitation of each asserted claim is found; and (2) the basis of any other grounds of invalidity asserted.

6. The parties shall join any additional parties and amend their pleadings by August 1, 2008.

7. Fact discovery shall conclude **within 30 days** from the date of this Court's claim construction order.

8. **Within 50 days** from the date of this Court's claim construction order, P&G shall serve on Playtex a written election as to whether it will

3

assert advice of counsel as a defense to the allegation of willful infringement. Notwithstanding the deadline for fact discovery set forth in paragraph 7, the parties will be entitled to pursue discovery concerning any defense of advice of counsel up until **90 days** from the date of this Court's claim construction order.

9. **Within 50 days** from the date of this Court's claim construction order, Playtex shall serve on P&G a written election as to whether it will assert advice of counsel as a defense to the allegation of willful infringement. Notwithstanding the deadline for fact discovery set forth in paragraph 7, the parties will be entitled to pursue discovery concerning any defense of advice of counsel up until **90 days** from the date of this Court's claim construction order.

CLAIM CONSTRUCTION:

10. The parties shall submit to the Court a chart of disputed terms for construction for each of the '324 and '110 patents that includes each party's proposed constructions and designations of intrinsic and/or extrinsic evidence in support of such proposed constructions, by August 22, 2008. The parties will meet and confer on or before August 29, 2008 in an attempt to agree on constructions for as many of the disputed claims terms as possible.

11. Any discovery solely directed to claim construction issues shall be completed by September 5, 2008.

4

12. Simultaneous opening *Markman* briefs shall be filed and served by September 12, 2008.

13. Simultaneous responsive *Markman* briefs shall be filed and served by October 3, 2008.

14. A *Markman* hearing shall be held on November 3, 2008, at a time to be determined by the court. Should the Court require a tutorial on the technology at issue, such a tutorial shall be held on October 27, 2008, at a time to be determined by the Court.

**EXPERT DISCOVERY:**

15. Opening expert reports shall be served by each party having the burden of proof on an issue **within 45 days** from the date of this Court's claim construction order.

16. Rebuttal expert reports shall be served **within 75 days** from the date of this Court's claim construction order.

17. Expert discovery shall be completed **within 105 days** from the date of this Court's claim construction order.

**DISPOSITIVE MOTIONS:**

18. Letters requesting a pre-motion conference pursuant to Judge Pauley's Individual Practice Rules and setting forth the basis for any proposed dispositive motions shall be submitted by May 15, 2009.

19. Opposition letters to such a request for a pre-motion conference shall be submitted, pursuant to Judge Pauley's Individual Practice Rules, by May 22, 2009.

20. A pre-motion conference concerning any proposed dispositive motions shall be held at a time to be determined by the Court.

21. Dispositive motions shall be filed and served by June 26, 2009.

22. Oppositions to dispositive motions shall be filed and served by July 10, 2009.

23. Reply briefs in support of dispositive motions shall be filed and served by July 17, 2009.

24. A hearing on dispositive motions shall be held during the week of August 10, 2009, at a day and time to be determined by the Court.

**MOTIONS *IN LIMINE*:**

25. Motions *in limine*, if any, shall be filed and served **twenty-five days before trial**.

26. Opposition memoranda on motions *in limine*, if any, shall be filed and served **twenty days before trial**.

**VOIR DIRE QUESTIONS, JURY INSTRUCTIONS, AND VERDICT FORMS:**

27. Proposed voir dire questions, jury instructions and objections thereto, and verdict forms prepared in accord with the Court's Individual Practices, shall be filed and served by **fifteen days before trial**.

**PRETRIAL MEMORANDUM AND ORDER:**

28. A joint pre-trial order in accord with the Court's Individual Practices shall be filed and served **fifteen days before trial**.

29. A joint pre-trial memorandum in accord with the Court's Individual Practices shall be filed and served **fifteen days before trial**.

**PRETRIAL CONFERENCE:**

30. A final pretrial conference shall be held **one week before trial**, on a date and at a time to be determined by the Court.

**TRIAL DATE:**

31. Trial shall commence on October 5, 2009, or as soon thereafter as the case may be set for trial by the Court.

**IT IS SO ORDERED.**

5/16/08
Date

WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE