```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLAYTEX PRODUCTS, INC.,<br><br>                  *Plaintiff,*<br>-against-<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>                  *Defendant.* | 08-cv-3417 (WHP) |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery (including interrogatories, document requests and depositions) in the above-entitled action may involve the production or disclosure of trade secrets or sensitive commercial, financial or proprietary business information,

**IT IS HEREBY STIPULATED**, by and between the parties hereto and by their respective counsel, that pursuant to Fed. R. Civ. P. 26(c) and subject to the approval of the Court, the following Stipulated Protective Order (the "Order") be entered:

**IT IS HEREBY ORDERED THAT:**

1. All information disclosed or obtained through discovery in this case shall be used solely for purposes reasonably related to litigation of this action and for no other purpose, including without limitation any business or competitive purpose or any voluntary submission to any governmental or administrative agency.

2. All material produced or provided by any party (the "Designating Party" or "Producing Party") in connection with the litigation which is deemed to contain

2

confidential or proprietary information and is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order ("Confidential Information") including, without limitation, transcripts of depositions, copies of exhibits, answers to interrogatories, and copies of documents produced in pretrial proceedings in this action shall be retained in confidence by receiving counsel and shall not be disclosed by receiving counsel to any third parties except as provided in paragraphs 6, 7 and 9 of this Order.

    3.    All documents that a party believes contain Confidential Information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate under this Order on each page thereof.

    4.    Either party may designate as "CONFIDENTIAL" any document, testimony or other discovery material that contains trade secrets or other confidential business or financial information, proprietary information, or personal or financial affairs.

    5.    Either party may designate as "HIGHLY CONFIDENTIAL" any document, testimony or other discovery material that is particularly sensitive because it relates to trade secrets, technical information, technical practices or methods, present or future marketing plans, product data or projections, financial data, business strategy, or agreements.

    6.    Documents or testimony designated CONFIDENTIAL pursuant to this Order shall be maintained in confidence by the receiving party and shall not be disclosed or made available to any person other than:

    a.    The Court and Court personnel;

b.  Outside counsel of record for the parties and employees of such attorneys, i.e., paralegals, secretaries, and clerks to whom it is necessary that the material be shown for purposes of this litigation;

c.  In-house attorneys for Playtex Products, Inc., and in-house attorneys for The Procter & Gamble Company;

d.  Court reporters during the course of a deposition in this case;

e.  Consultants or expert witnesses used by the parties for the purpose of preparing and prosecuting or defending this case only after ten (10) business days following written notice to the Designating Party of the proposed disclosure to the consultant or expert. With the written notice shall be included a fully executed copy of the undertaking attached hereto as Exhibit A, completed by the consultant or expert, and a copy of the consultant or expert's current curriculum vitae or resumé. If the Designating Party objects, in writing, to disclosure of Confidential Information to the consultant or expert within the ten (10) day period, no disclosure of Confidential Information may be made to the consultant or expert pending resolution of the objection. If the parties cannot resolve the issue informally, the party objecting to the proposed disclosure may thereupon seek an appropriate order from the Court disqualifying the consultant or expert or protecting against the proposed disclosure to the consultant or expert. Until the Court rules on the matter, no disclosure of Confidential Information to the consultant or expert shall be made.

f.  Employees of outside vendors providing photocopy, imaging, database, and design services in connection with this litigation, provided that such vendor

4

has executed an Undertaking in the form annexed to this Stipulated Protective Order as Exhibit A;

  g. Jury, trial, graphic and visual aid consulting services retained for purposes of this litigation, provided that the entity providing such services has executed an Undertaking in the form annexed to this Stipulated Protective Order as Exhibit A;

  7. Documents or testimony designated HIGHLY CONFIDENTIAL pursuant to this Order shall be maintained in confidence by the receiving party and shall not be disclosed or made available to any person other than:

  a. The Court and Court personnel;

  b. Outside counsel of record for the parties and employees of such attorneys, i.e., paralegals, secretaries, and clerks to whom it is necessary that the material be shown for purposes of this litigation;

  c. In-house attorneys for Playtex Products, Inc., and in-house attorneys for Procter & Gamble Company with the written consent of the Designating Party, provided such consent will not be unreasonably withheld.

  d. Court reporters during the course of a deposition in this case;

  e. Consultants or expert witnesses used by the parties for the purpose of preparing and prosecuting or defending this case only after ten (10) business days following written notice to the Designating Party of the proposed disclosure to the consultant or expert. With the written notice shall be included a fully executed copy of the undertaking attached hereto as Exhibit A, completed by the consultant or expert, and

5

a copy of the consultant or expert's current curriculum vitae or resumé. If the Designating Party objects, in writing, to disclosure of Confidential Information to the consultant or expert within the ten (10) day period, no disclosure of Confidential Information may be made to the consultant or expert pending resolution of the objection. If the parties cannot resolve the issue informally, the party objecting to the proposed disclosure may thereupon seek an appropriate order from the Court disqualifying the consultant or expert or protecting against the proposed disclosure to the consultant or expert. Until the Court rules on the matter, no disclosure of Confidential Information to the consultant or expert shall be made.

      f.     Employees of outside vendors providing photocopy, imaging, database, and design services in connection with this litigation, provided that the vendor has executed an Undertaking in the form annexed to this Stipulated Protective Order as Exhibit A;

      g.     Jury, trial, graphic and visual aid consulting services retained for purposes of this litigation, provided that the entity providing such services has executed an Undertaking in the form annexed to this Stipulated Protective Order as Exhibit A;

      8.     All persons receiving Confidential Information pursuant to this Order shall not make use of or disseminate Confidential Information to anyone, except for purposes of this action and as further permitted by this Order or a further order by this Court. Notwithstanding the above, Confidential Information hereunder may be disclosed in testimony given by deposition or at the trial of this action, or in papers filed in this action, or offered in evidence at the trial of this action, subject to (a) any applicable rules of evidence and civil procedure, and (b) the requirements of this Order.

9. A deposition witness may be shown Confidential Information by an attorney then conducting the examination of that witness under the following conditions and without any waiver of its confidential status: (a) any witness may be shown a document identifying the witness as a signatory, author, addressee, or recipient of a copy thereof, (b) a current employee of a Designating Party being deposed in her or his personal capacity, or any witness designated by the Designating Party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown any document designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by that party, (c) any witness may be shown Confidential Information after a proper foundation has been laid that the witness has had access to the document containing such Confidential Information; (d) any consultant or expert witness who qualifies under, and has met the requirements of, Paragraphs 6(e) or 7(e) of this Order may be shown any document designated as CONFIDENTIAL by either party, (e) any consultant or expert witness who qualifies under, and has met the requirements of, Paragraph 7(e) of this Order may be shown any document designated as HIGHLY CONFIDENTIAL by either party or (f) any witness may be shown Confidential Information designated by the party whose counsel is then conducting the examination of the witness.

10. Copies of Confidential Information may only be made where reasonably necessary to prepare work product or conduct proceedings in this litigation. Material designated "HIGHLY CONFIDENTIAL" or copies thereof may not be stored or viewed at a non-designating party's business location, except to the extent provided in this Paragraph. Such HIGHLY CONFIDENTIAL information may be stored or viewed only at or on:

(a) the physical offices or residences of outside attorneys of record in

7

this litigation and employees of such attorneys, or the physical offices of professional litigation support vendors retained by such attorneys;

(b)   the physical offices or residences of consultants or experts cleared under Paragraph 7 of this Order;

(c)   the site where any deposition relating to the information is taken;

(d)   the Court;

(e)   any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to a deposition); or

(f)   computers/servers/other electronic media of the outside attorneys of record in this litigation and employees of such attorneys, professional litigation support vendors employed by outside attorneys of record, or experts and consultants cleared under Paragraph 7, provided those persons have a reasonable expectation of confidentiality associated with the computers/servers/other electronic media.

Such HIGHLY CONFIDENTIAL information may also be viewed electronically at the physical office of a party's in-house counsel, provided that the information is not electronically stored at the location and that such counsel may receive the information under Paragraph 7(c) of this Order. In-house counsel for a party may be provided and may store at their physical office paper copies of HIGHLY CONFIDENTIAL information provided that the paper copies are located in a secure location having a reasonable expectation of security and confidentiality.

11.   To the extent that the parties wish to file any materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL with the Court, the parties must seek leave of the Court to file such documents under seal as required by Judge Pauley's Individual Rules. If the Court grants permission, such materials shall be filed in sealed envelopes on which shall be endorsed the title of this action, an indication of the nature of

8

the contents of such sealed envelope, the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as applicable and a statement substantially in the following form:

> THIS DOCUMENT IS FILED UNDER SEAL PURSUANT TO THE
> PROTECTIVE ORDER OF THIS COURT ENTERED IN THIS ACTION
> AND SHALL NOT BE OPENED EXCEPT BY THE COURT OR UPON
> ORDER OF THE COURT OR BY STIPULATION OF THE PARTIES
> TO THIS ACTION

12. Pursuant to Standing Order M-10-468, Sealed Records which have been filed with the clerk shall be removed by the party submitting them (a) within ninety (90) days after a final decision is rendered if no appeal is taken, or (b) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the clerk that, should they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them.

13. If any Confidential Information is used or disclosed during the course of a deposition in this case, in the form of exhibits, testimony, or otherwise, that portion of the deposition record reflecting such Confidential Information shall be sealed and stamped as designated by a party with the words:

> CONFIDENTIAL - FILE UNDER SEAL. THIS TRANSCRIPT
> CONTAINS INFORMATION SUBJECT TO A PROTECTIVE ORDER
> AND SHALL BE USED ONLY IN ACCORDANCE THEREWITH; or
>
> HIGHLY CONFIDENTIAL - FILE UNDER SEAL. THIS
> TRANSCRIPT CONTAINS INFORMATION SUBJECT TO A
> PROTECTIVE ORDER AND SHALL BE USED ONLY IN
> ACCORDANCE THEREWITH.

Counsel may also designate any deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL by giving written notice thereof to the court reporter and to all parties within thirty (30) days after receipt of the deposition transcript by the party asserting the

confidentiality or by making an appropriate statement on the record. Until expiration of this thirty (30) days, all deposition transcripts shall be treated as if designated HIGHLY CONFIDENTIAL hereunder.

14. A Producing Party that inadvertently fails to designate an item pursuant to this Order at the time of the production shall make a correction promptly after becoming aware of such error. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Such inadvertent failure to designate items pursuant to this Order will not be deemed a waiver in whole or in part of a party's claim of confidentiality. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all copies of such undesignated documents and shall honor the provisions of this Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after the date of designation.

15. If information designated pursuant to this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, without prejudice to other rights and remedies of the Designating Party, and shall make every effort to prevent further improper disclosure.

16. The restrictions set forth in this Order shall not apply to information which prior to disclosure either is in the possession or knowledge of the party to whom such disclosure is made or is public knowledge, and the restrictions contained in this Order shall not apply to information which, after disclosure, becomes public knowledge other

than by act or omission of the party to whom such disclosure is made or which is independently developed or which is legitimately acquired from an independent source, provided however, if receiving counsel believes any information should not be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order because of the circumstances set forth in this paragraph, receiving counsel shall first notify opposing counsel of the same, providing producing counsel with ten (10) days to object. If a timely objection is made, the information shall be deemed to have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL as originally designated hereunder and subject to the restrictions of this Order until permission of the Court is given to treat it otherwise. The original designation shall remain effective until the Court's entry of an order re-designating the materials.

17. This Order, insofar as it restricts the dissemination and use of Confidential Information, shall not apply to the introduction of evidence at trial. However, any Party may seek appropriate court orders, including without limitation, an order which restricts the use of any material covered by this Order during the trial, requests that portions of the transcript be sealed, or restricts access of the public to certain portions of the trial.

18. All Confidential Information supplied to receiving counsel, and copies thereof, shall be returned to producing counsel within sixty (60) days of the termination of this action, or shall be otherwise disposed of in a manner agreeable to both parties. This paragraph shall not pertain to attorney work product prepared by a party's outside counsel that may refer to or contain Confidential Information. Each party's outside counsel may retain such work product beyond termination of this action. Outside counsel for the parties may also retain Confidential Information as is necessary to have an

accurate and complete record of the lawsuit including, at least, work copies of documents filed with the court, pleadings, depositions, trial testimony, admissions and answer to interrogatories.

19.   This Order shall be without prejudice to the right of either party to bring before the Court at any time the question of whether any particular information is or is not Confidential Information at which time the normal burdens of proof shall apply (i.e., before its disclosure the challenging party shall demonstrate a good faith basis for the challenge, and the Designating Party must fail to demonstrate that the information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is confidential, proprietary, or a trade secret).

20.   No party concedes that any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order by any other party does in fact contain or reflect trade secrets, proprietary or other Confidential Information, or has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Any party may at any time, on reasonable notice, move the Court for (a) modification of this Order, (b) relief from the provisions of this Order with respect to specific Confidential Information, including the use of Confidential Information at depositions, or (c) a determination by the Court that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is in fact not entitled to protection.  In addition, the parties may agree in writing to necessary modifications of this Order without Court approval.

21.   The parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege or any other relevant privilege shall not constitute waiver of the

12

applicable privilege. If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains and make no use of the information contained in the document, provided, however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege. A producing party that discovers that it has inadvertently produced any document that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege or any other relevant privilege shall notify the receiving party reasonably promptly after such discovery.

22. This Court, or any Court to which this action is transferred, retains jurisdiction of the parties hereto indefinitely respecting any dispute between the parties regarding the improper use of Confidential Information disclosed under protection of this Order and shall indefinitely retain such authority.

Dated: Menlo Park, CA
May 9, 2008

DAVIS POLK & WARDWELL

By: s/ Matthew B. Lehr
    Matthew B. Lehr (ML-9982)

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

Anthony I. Fenwick (*pro hac vice*)
Diem-Suong T. Nguyen (DN-6578)
Veronica C. Abreu (*pro hac vice*)
David J. Lisson (*pro hac vice*)
1600 El Camino Real
Menlo Park, CA 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111

*Attorneys for Plaintiff Playtex Products,*

*Inc.*

Dated:  New York, New York         JONES DAY
        May 9, 2008

        By:  s/ Kenneth R. Adamo
            Kenneth R. Adamo (KA-6210)
            David M. Maiorana (*pro hac vice*)

North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Clark Craddock (CC-9165)
222 E. 41st Street
New York, New York 10017-6702
Telephone: (212) 326-3939

*Attorneys for Defendant The Procter & Gamble Company*

**SO ORDERED:**

_____
WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE

5/16/08

14

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLAYTEX PRODUCTS, INC., <br><br> *Plaintiff,* <br> -against- <br><br> THE PROCTER & GAMBLE COMPANY, <br><br> *Defendant.* | 08-cv-3417 |

**UNDERTAKING OF** _____

I, _____, hereby declare:

1. My address is

2. My present employer is
   and the address of my present employer is

3. My present occupation or job description is

4. I have received a copy of the Stipulated Protective Order in the above-captioned proceeding.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to any one not qualified under the Stipulated Protective Order, and will use only for purposes of this proceeding documents or information designated by a party to the above-captioned

15

proceeding as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that are disclosed to me.

8. I will return all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information that come into my possession, to counsel for the party by whom I am employed or retained.

I, _____ hereby declare under penalty of perjury under the laws of the United States of America this ____ day of _____, 200____, in the State of _____, County of _____, that the foregoing is true and correct.

_____
(Signature)

State of            }
                    }  ss.
Count of            }

Sworn to and subscribed before me this _____ day of _____, 200__.

_____
Notary Public

16